UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR HUNTER,                       Case No. 1:16-cv-418

    Plaintiff,                             Barrett, J.
                                                Bowman, M.J.

    v.

LOCKLAND CITY SCHOOLS, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an employment discrimination complaint against Lockland City Schools and several other Defendants on March 24, 2015. Currently pending is Defendants' motion for partial dismissal of certain Defendants and claims, which has been referred to the undersigned for a report and recommendation.

**I.    Background and Analysis**

On April 26, 2016, the undersigned conditionally granted Plaintiff's motion for assistance in obtaining counsel, and referred the case to the Volunteer Lawyers Project ("VLP"). VLP was unable to assist Plaintiff due to his being over income limits; therefore, the Court rescinded its prior order and informed Plaintiff that he must continue to proceed *pro se*. (*See* Docs. 12, 15).

On May 10, 2016, Defendants Lockland City School District Board of Education ("Board"), Matt Bishop, Misty Cromer, Bill Hughett, Greg Rulon and Donnie Schilling filed a <u>partial</u> motion to dismiss. Defendants seek dismissal of all claims against all

individual Defendants, as well as dismissal of the punitive damages claim against the Lockland City School District Board of Education ("School Board"). (Doc. 16). Defendants point out that Plaintiff's EEOC charge clearly demonstrates that only one Defendant, the School Board, is identified as the Respondent to the Charge and as Plaintiff's Employer. As the individual Defendants point out, no liability exists under Title VII for individuals, as opposed to the entity that is identified as the employer.[1] *See, e.g., Wathen v. General Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997); *see also Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012).

In addition to dismissal of individuals who are not Plaintiff's "employer," the School Board seeks dismissal of Plaintiff's claim for punitive damages, on grounds that a plaintiff cannot recover punitive damages from a political subdivision. Although the unpublished case cited by Defendants, *H.M. v. Bd. Of Educ.*, Case No. 1:14-cv-64, 2015 WL 4624629 (S.D. Ohio, Aug. 3, 2015), does not stand for the proposition for which it is cited, the legal principle is well-supported by other published case law. *See, e.g., Smith v. Grady*, 960 F. Supp.2d 735 (S.D. Ohio 2013); *Hodah-Drummond v. Summit County*, 84 F. Supp.2d 874, 885 (N.D. Ohio 2000); *Robinson v. Runyon*, 149 F.3d 507, 516-517 (6th Cir. 1998).

When Plaintiff failed to file any timely response to the Defendants' motion, on June 6, 2016, the Court issued an "Order to Show Cause" why Defendants' motion should not be granted as unopposed and for the reasons stated. (Doc. 18). The Court's order directed Plaintiff to respond by June 28, 2016.

---

[1] Although Defendants cite to an unpublished case, *Robinson v. Rueggeberg*, Case No. 1:15-cv-82, 2015 U.S. Dist. LEXIS 103287 (S.D. Ohio Aug. 6, 2015), ample published case law supports the same proposition.

2

Although no timely response was received, on July 6, 2016, a staff member to the Clerk of Court noted that Plaintiff had contacted the Court by telephone and had stated that he had not received the Order to Show Cause.  The Clerk re-sent the Order to the address listed by Plaintiff on the docket sheet.  On July 11, 2016, the Clerk of Court received a letter from Plaintiff, dated July 6, 2016, that acknowledged the same telephone conversation.  In his letter to the Court, Plaintiff asks the Court to send "'certified mail' to me regarding this case," offering to "assume the expense of the certified mail if necessary."  (Doc. 19).  Plaintiff's letter has been docketed as a "motion for District Court to send certified mail."

On July 13, 2016, a staff member to the Clerk of Court noted that Plaintiff had telephoned the Clerk's office stating that he had received the second copy of the June 6, 2016 Order to Show Cause, but was requesting forms to use in order to formulate his response.  The Clerk sent Plaintiff blank pleading forms but instructed Plaintiff to respond as soon as possible.[2]  (7/13/16 staff note).

On July 19, 2016, Plaintiff at last filed a document, construed as a response to the "Show Cause" order, that sets forth Plaintiff's arguments against dismissal of his case.  In general, Plaintiff seeks "an opportunity…to bring forth various documents, credible witnesses…to prove the blatant discrimination and retaliation Plaintiff suffered from Lockland City Schools Administrators."  (Doc. 20 at 1).  Plaintiff states his belief that his termination was illegal and discriminatory, and that the reasons given for his termination are "absolutely false."  (Doc. 20 at 3).

---

[2]No "forms" exist for the filing of a responsive memorandum in opposition to a motion. No employee of this Court, including but not limited to employees of the Clerk's office, may provide Plaintiff with legal advice.

3

Plaintiff's response to the "Show Cause" order is fully considered as if timely filed as a response to the Defendants' May 10, 2016 motion for partial dismissal of his claims. Notwithstanding Plaintiff's insistence that he will be able to prove his claims if given his day in Court, his construed response in opposition fails to refute the well-reasoned legal grounds for dismissal of the individual Defendants and of the punitive damages claim against the School Board. Even if all of the factual allegations made by Plaintiff are true and disputed facts are construed in his favor, dismissal as a matter of law is appropriate for the individual Defendants and for the punitive damages claim. Because dismissal is recommended only as to a portion of the claims and Defendants included in Plaintiff's original complaint, Plaintiff's discrimination case will continue to proceed against his former employer, the School Board, for all damages to which he may be entitled should he be able to prove his claims.

Last, the undersigned reminds Plaintiff that his *pro se* status does not excuse him from his obligations to comply with all local and federal rules of civil procedure, and with all other orders of this Court. That includes the obligation to timely respond to all motions in the future. A failure to timely respond or to comply with either civil rules or the Court's orders may result in sanctions or other adverse consequences, including but not limited to the grant of any unopposed motions, to the extent said motions are well supported. Although it is not the custom and practice of this Court to send Orders by certified mail, the Court is willing to consider Plaintiff's express request that certified mail be sent regarding this case, in an effort to ensure timely responses from Plaintiff as required.

## II. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT**:

1. Plaintiff's July 11, 2016 correspondence, construed as a motion seeking the use of certified mail to Plaintiff for matters concerning this case (Doc. 19) should be **GRANTED**, with the Clerk of Court to transmit future communications from this Court to Plaintiff both by certified mail and by regular first class mail;

2. Plaintiff's response to Order to Show Cause (Doc. 20) should be accepted as showing sufficient cause on this one occasion for his dilatory response, and also should be construed as a Response in Opposition to Defendants' partial motion to dismiss;

3. Defendants' partial motion to dismiss (Doc. 16) should be **GRANTED**, with all claims against all Defendants except the Lockland City School District Board of Education to be dismissed. Additionally, Plaintiff's claim for punitive damages against the Lockland City School Board should be dismissed. Plaintiff's remaining claims against the Lockland City School Board should continue to proceed at this time.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VICTOR HUNTER,                                            Case No. 1:16-cv-418

       Plaintiff,                                            Barrett, J.
                                                   Bowman, M.J.

   v.

LOCKLAND CITY SCHOOLS, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).